ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUL 31 PM 3:41
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FRANCISCO DE JESUS GUTIERREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-009 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. (Doc. no. 1.) Respondent has filed a Response (doc. no. 5), to which Petitioner has filed a reply (doc. no. 8). Respondent also filed a sur-reply in support of his response (doc. no. 11), and Petitioner has filed a rebuttal to Respondent's sur-reply (doc. no. 12). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On January 16, 2007, Petitioner, a Mexican national, was sentenced to thirty (30) months of imprisonment following a State of Arizona conviction for a narcotics charge. (Doc. no. 5, p. 4 & Ex. 3.) Petitioner was given credit for 47 days of prior jail time, rendering the beginning of his state sentence November 30, 2006. (Doc. no. 11, p. 3 & Ex. 1.) Petitioner was later transferred to custody of the Bureau of Immigration and Customs Enforcement

("BICE") and removed from the United States on August 26, 2008, at which point Petitioner had 9 months and 4 days remaining on his 30-month state sentence. (Id.)

Subsequently, BICE discovered Petitioner's reentry into the United States on or around August 4, 2009, and he was placed in the custody of the Arizona Department of Corrections. (Doc. no. 5, p. 4 & Ex. 4.) At this time, Petitioner had 1 year, 1 month, and 4 days remaining on his sentence, which included the 9 months and 4 days noted above, as well as an additional 4 months for violating his terms of community supervision.[1] (Doc. no. 11, p. 3 & Exs. 1 & 2.)

Next, on August 5, 2009, Petitioner was charged with reentry of a deported alien in a federal criminal complaint filed in the United States District Court for the District of Arizona. (Doc. no. 5, p. 4 & Ex. 5.) A writ of habeas corpus *ad prosequendum* seeking Petitioner's production was issued to the State of Arizona pursuant to the federal complaint on August 12, 2009. (Id. at 5 & Ex. 6.) Petitioner was transferred from state custody to federal custody pursuant to the writ on September 2, 2009. (Id. & Exs. 7 & 8.) Petitioner remained in federal custody pursuant to the writ until June 4, 2010, when he was sentenced pursuant to a guilty plea. (Id. & Ex. 1.) Petitioner was sentenced to serve a term of fifty-seven (57) months incarceration "with credit for time served." (Id.)

Once Petitioner was sentenced on June 4, 2010, the federal writ was released and Petitioner was remanded to the custody of the State of Arizona. (Id. & Ex. 7.) The United States Marshals Service lodged a detainer with the Arizona Department of Corrections, and upon the completion of his state sentence on September 3, 2010, Petitioner was released to

---

[1] Arizona law provides that where a prisoner's sentence includes a period of community supervision, but the prisoner does not abide by the terms of his release, "the prisoner shall not be released on the sentence expiration date and shall serve the term of community supervision in prison." Ariz. Rev. Stat. Ann. § 41-1604.07(F).

2

federal custody to begin his federal sentence. (Id. & Exs. 7 & 10.)

The Bureau of Prisons ("BOP") calculated Petitioner's projected release date from September 3, 2010, and with good conduct time credits, his projected release date upon the completion of his federal sentence is October 22, 2014. (Id. & Ex. 10.)

Petitioner has now filed a § 2241 petition in this Court arguing one ground for relief, asserting that the BOP calculated his release date contrary to his imposed sentence. (Doc. no. 1, pp. 1-4). According to Petitioner, the BOP has failed to credit him on his federal sentence for "time served," as the sentencing judge announced, while in custody from August 5, 2009, until June 4, 2010. (Id. at 3.) Respondent maintains that Petitioner's projected release date of October 22, 2014, is correct because Petitioner received credit from the State of Arizona against his state sentence from August 5, 2009, until June 4, 2010, and under the applicable statute, he cannot receive credit on his federal sentence for time served on his state sentence. (Doc. no. 5, p. 6; doc. no. 11, p. 4.)

## II. DISCUSSION

Here, Petitioner asks the Court to conclude that he is entitled to credit on his federal sentence for time served in state custody between August 5, 2009, and June 4, 2010. (Doc. no. 1, pp. 1-4.) Petitioner notes that the District Judge who sentenced him directed that Petitioner serve 57 months of imprisonment and that Petitioner receive credit for time served. (Id. at 3 & Ex. C.) According to Petitioner, because the BOP calculated his 57-month federal term of imprisonment without subtracting the roughly ten (10) month period that he spent in custody awaiting his federal sentencing between August 5, 2009, and June 4, 2010, he is therefore not being credited for time served as directed by the sentencing judge. (Doc. no. 1, p. 3; doc. no. 8, p. 2.)

3

On the other hand, Respondent argues that because Petitioner was incarcerated on the time remaining on his state sentence, and was credited by the State of Arizona toward the state sentence for the time between August 5, 2009, until June 4, 2010, he is not entitled to credit for any of this time against his federal sentence. (Doc. no. 5, p. 7.) Respondent has the better argument.

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the <u>Sentence Computation Manual – CCCA of 1984</u>.[2]

18 U.S.C. § 3585(b) provides:

> **(b) Prior Custody Time Credit.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence. PS 5580.28 at 1-16.

Here, while Petitioner was serving his state sentence, he was indicted in federal court for reentry of a deported alien, and he was sentenced on this offense to the term of 57 months of imprisonment with credit for time served. (Doc. no. 5, Exs. 1 & 9.) After he was sentenced in federal court, Petitioner was remanded to the custody of Arizona to complete his state

---

[2]*Available at* http://www.bop.gov/policy/progstat/5880_028.pdf (last visited July 27, 2012).

4

sentence. (Id., Ex. 7.) Put simply, Petitioner's time spent while imprisoned between August 5, 2009, and June 4, 2010, *was* credited – but towards his state sentence rather than his federal sentence.

Thus, Petitioner's argument that he is entitled to credit on his federal sentence for time served from August 5, 2009, until June 4, 2010, is misguided, as he has already received credit for this time on his state sentence. As provided in the response to his Administrative Remedy No. 635579-A2:

> Prior custody credit is governed by Title 18 U.S.C. § 3585(b), which prohibits the application of credit toward a federal sentence that was applied toward another sentence. At the time your federal sentence was imposed on June 4, 2010, you were under the primary jurisdiction of state authorities serving the remainder of your 2 ½-year sentence for probation violation in Arizona, and in federal custody pursuant to a writ. Federal statute prohibits the Bureau of Prisons from awarding prior custody credit for time that has been credited against another sentence. The credit you seek has already been applied toward your state term.
>
> Our review reveals you are not entitled to any additional custody credit for time spent in service of your state sentence, as Title 18 U.S.C. § 3585(b), makes no provisions for the application of prior custody credit after a sentence begins, either state or federal.

(Doc. no. 5, Ex. 13.) Accordingly, Petitioner is not entitled to the credit he has already received on his state sentence to also be applied to his federal sentence.

Moreover, the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).[3] The Eleventh Circuit has affirmed the denial of a petition requesting credit for time served under similar circumstances, concluding, "Both this Court and the Supreme Court have recognized that Congress's actual purpose in altering § 3585's predecessor statute was

---

[3]In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

to make clear that a defendant could not receive a double credit for his detention time." Scruggs v. Adkinson, 423 F. App'x 858, 860 (11th Cir. 2011) (*per curiam*) (citing Dawson v. Scott, 50 F.3d 884, 888 n.4 (11th Cir. 1995) (internal punctuation omitted); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971)[4] (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody); Ordonez v. Wells, CV 308-040, 2008 WL 4593265, at *2-3 (S.D. Ga. Oct. 14, 2008) (Bowen, J.) (same). Thus, Petitioner is not entitled to credit on his federal sentence for the time he spent in state custody.

Petitioner's attempt to distinguish the underlying facts present in Wilson from those of the instant case is without merit. Petitioner argues that Wilson only addresses the situation where a defendant is being prosecuted in both state and federal proceedings, and the federal court is the first to impose a sentence: only in such a situation, he argues, will the federal court be unable to credit time served because it can only speculate about the time the defendant will serve in detention pending imposition of his state court sentence. (Doc. no. 8, p. 4; doc. no. 12, p. 3.) This is a distinction without a difference. As Respondent correctly argues (doc. no. 11, p. 2), the issue in this case is "[t]he precise issue before the Supreme Court in Wilson" – namely, "whether the District Court calculates the credit at the time of sentencing or whether the Attorney General [through the BOP] computes it after the defendant has begun to serve his sentence." Wilson, 503 U.S. at 330. The Supreme Court clearly answered that question, stating, "We agree with the United States that the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568." Id. at 335; see also United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (*per curiam*) ("In construing 18 U.S.C.

---

[4]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

6

§ 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, *as opposed to the district courts*, is authorized to compute sentence credit awards after sentencing." (emphasis added) (citing Wilson, 503 U.S. at 333-35)).

Thus, contrary to Petitioner's assertions (doc. no. 8, p. 3; doc. no. 12, p. 3), the BOP did not "impose" a sentence different from that pronounced by the sentencing judge, nor did it "override" the sentencing judge's order by crediting his state sentence rather than his federal sentence. On the contrary, the BOP – and not Petitioner's sentencing judge – was authorized to calculate Petitioner's credit for time served. See Wilson, 503 U.S. at 333-35. Moreover, as noted above, Petitioner *was* given credit for time served, as he was credited for the time served on his state sentence.

In sum, because Petitioner was credited for the time served on his state sentence, he therefore is not entitled to credit for the same time on his federal sentence. Thus, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 31st day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7