ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 28 AM 9:51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| FRANCISCO DE JESUS GUTIERREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 312-009 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 15). Petitioner commenced this case pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") refusal to award him ten months of credit against his federal sentence of fifty-seven months based on time that he spent in federal custody prior to the imposition of that federal sentence. (See doc. no. 1, p. 3.) The Magistrate Judge found that the BOP had awarded Petitioner the correct amount of credit for time served, since the ten months of credit that Petitioner argues he is due had already been credited towards Petitioner's state sentence. As a result, the Magistrate Judge recommended that the petition be denied and that the civil action be closed. (Doc. no. 13.)

In his objections, Petitioner sets forth conclusory allegations concerning the Arizona Community Supervision program and the validity of the four months that were added to his state sentence for violating the terms of that program. (Doc. no. 15, p. 5.) None of those allegations were raised in Petitioner's original complaint, nor do they have any relation to Petitioner's central argument concerning his federal sentence. Petitioner essentially asserts that,

even if he cannot receive the ten months that he originally requested, he should at least receive four months of credit stemming from circumstances completely unrelated to the imposition of his federal sentence.

While Petitioner would like to use his objections to inject new arguments after receiving an unfavorable analysis from the Magistrate Judge, to allow him to do so would frustrate systematic efficiencies and reduce the role of the Magistrate Judge to "that of a mere dress rehearser." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)). Therefore, the Court will not consider the arguments provided for the first time in Petitioner's objections. See id. at 1291-92 (approving district court's refusal to consider new argument set forth by *pro se* litigant in objections where the party had the opportunity to present the argument to the magistrate judge and failed to do so); Howell, 231 F.3d at 621 (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation).

Turning to the remaining portion of the objections, Petitioner plainly fails to provide any reason to depart from the Magistrate Judge's conclusions. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant § 2241 petition is **DENIED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 28th day of August, 2012, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2